IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HIEP V. PHAM, Individually and as Personal Representative of, and on behalf of, the ESTATE OF HUAN VU PHAM, and HUAN VU PHAM's heirs at law and wrongful death beneficiaries; and JENNA PHAM, Individually,<br><br>Plaintiffs,<br><br>vs.<br><br>SARPY COUNTY, NEBRASKA; JEFF DAVIS; RYAN MAHR; and JOHN DOES 1-10, Real Names Unknown,<br><br>Defendants. | Case No. 8:25cv499<br><br>**ANSWER BY DEFENDANTS COUNTY OF SARPY, NEBRASKA, SHERIFF JEFF DAVIS, and RYAN MAHR** |

COME NOW Defendants, Sheriff Jeff Davis in his individual capacity, Ryan Mahr in his individual capacity, and the County of Sarpy, Nebraska and hereby submit their Answer to the claims asserted against them in Plaintiffs' Complaint (Filing No. 1). Defendants admit, deny, and aver as follows:

1. Defendants are without sufficient information to admit or deny Paragraph 1 of Plaintiffs' Complaint and, therefore, deny the same.

2. Defendants are without sufficient information to admit or deny Paragraph 2 of Plaintiffs' Complaint and, therefore, deny the same.

3. Defendants admit that the County of Sarpy, Nebraska is a Nebraska county.

4. Defendants admit that Jeff Davis served as Sheriff of Sarpy County at all times referred to in Plaintiffs' Complaint.

1

5. Defendants admit that Ryan Mahr served as Director of the Sarpy County Board of Corrections at all times referred to in Plaintiffs' Complaint.

6. Defendants are without sufficient information to admit or deny Paragraph 6 of Plaintiffs' Complaint and, therefore, deny the same.

7. Defendants admit that Plaintiffs' Complaint refers to Jeff Davis, Ryan Mahr, and John Does 1 – 10 collectively as Individual Defendants.

8. Defendants admit that jurisdiction and venue are proper in this court.

9. Defendants are unclear as to what conditions precedent Plaintiffs allege have occurred and, therefore, deny the same.

10. Defendants are without sufficient information to admit or deny Paragraph 11 of Plaintiffs' Complaint and, therefore, deny the same.

11. Paragraphs 12, 13, and 14 of Plaintiffs' Complaint consist of general legal propositions requiring no response, but to the extent it contains factual allegations, Defendants deny the same.

12. Defendants deny the allegations reincorporated in paragraph 15 of Plaintiffs' Complaint, except to the extent otherwise expressly admitted herein.

13. Defendants deny the allegations in Paragraph 16 of Plaintiffs' Complaint.

14. Defendants are without sufficient information to admit or deny Paragraph 17 of Plaintiffs' Complaint and, therefore, deny the same.

15. Defendants admit that Huan Pham was arrested in Sarpy County, Nebraska on a warrant for driving under the influence and was lodged in the Sarpy County Correctional Center.

16. Defendants admit that on August 10, 2023, Huan Pham was involved in an altercation with at least one other inmate.

17. Defendants admit Huan Pham was injured by Dreshawn Stewart. Defendants admit that Huan Pham was housed in the same unit as a number of men with criminal histories, including being accused and convicted of violent crimes.

18. Defendants aver that the County of Sarpy has followed its established policy relating to the release of investigatory information.

19. Defendants admit that some of the events that occurred within the Sarpy County Department of Corrections center were recorded on video and were visible to Sarpy County personnel. Defendants deny the remainder of Paragraph 21.1 of Plaintiffs' Complaint.

20. Defendants deny the allegations in Paragraph 21.2 of Plaintiffs' Complaint.

21. Defendants deny the allegations in Paragraph 21.3 of Plaintiffs' Complaint.

22. Defendants deny the allegations in Paragraph 21.4 of Plaintiffs' Complaint.

23. Defendants deny the allegations in Paragraph 21.5 of Plaintiffs' Complaint.

24. Defendants admit that at approximately 9:41 p.m. on August 10, 2023 Huan Pham was discovered in a cell and he had no pulse or respiration at that time.

25. Defendants admit that Huan Pham was pronounced dead at the scene by responding EMTs.

26. Defendants deny the allegations in Paragraph 22 of Plaintiffs' Complaint.

27. Defendants admit that Huan Pham has never been convicted of a violent crime. Defendants deny the remaining allegations of Paragraph 23 of Plaintiffs' Complaint.

28. Defendants deny the allegations in Paragraph 24 of Plaintiffs' Complaint.

29. Defendants admit that there were a number of corrections officers on duty on the day when Huan Pham died.

30. Defendants deny the allegations in Paragraph 26 of Plaintiffs' Complaint.

31. Defendants deny the allegations in Paragraphs 26.1, 26.2, 26.3, 26.4, 26.5, 26.6, 26.7, 26.8, 26.9, 26.10, 26.11, 26.12, 26.13, 26.14, 26.15, 26.16, 26.17, 26.18, 26.19, and 26.20 of Plaintiffs' Complaint.

32. Defendants deny the allegations in Paragraph 27 of Plaintiffs' Complaint.

33. Defendants deny the allegations in Paragraphs 28, 28.1, 28.2, and 28.3 of Plaintiffs' Complaint.

34. Defendants deny the allegations in Paragraph 29 of Plaintiffs' Complaint.

35. Defendants deny the allegations in Paragraph 30 of Plaintiffs' Complaint.

36. Defendants deny the allegations in Paragraph 31 of Plaintiffs' Complaint.

37. Defendants deny the allegations in Paragraph 32 of Plaintiffs' Complaint.

38. Defendants deny the allegations in Paragraph 33 of Plaintiffs' Complaint.

39. Defendants deny the allegations in Paragraph 34 of Plaintiff's' Complaint.

40. Defendants deny the allegations in Paragraph 35 of Plaintiffs' Complaint.

41. Defendants deny the allegations in Paragraph 36 of Plaintiffs' Complaint.

42. Defendants deny the allegations in Paragraph 37 of Plaintiffs' Complaint.

43. Defendants deny the allegations in Paragraph 38 of Plaintiffs' Complaint.

44. Defendants deny the allegations in Paragraph 39 of Plaintiffs' Complaint.

45. Defendants deny the allegations in Paragraph 40 of Plaintiffs' Complaint.

46. Defendants deny the allegations in Paragraph 41 of Plaintiffs' Complaint.

47. Defendants deny the allegations in Paragraph 42 of Plaintiffs' Complaint.

48. Defendants deny the allegations in Paragraph 43 of Plaintiffs' Complaint.

49. Defendants deny the allegations in Paragraph 44 of Plaintiffs' Complaint.

50. Defendants admit that an autopsy was performed after Huan Pham's death.

51. Defendants deny the allegations in paragraph 46 of Plaintiffs' Complaint.

52. Defendants deny the allegations reincorporated in paragraph 47 of Plaintiffs' Complaint, except to the extent otherwise expressly admitted herein.

53. Defendants deny the allegations in Paragraph 48 of Plaintiffs' Complaint.

54. Defendants deny the allegations in Paragraph 49 of Plaintiffs' Complaint.

55. Defendants admit the allegations in Paragraph 50 of Plaintiffs' Complaint.

56. Paragraph 51 of Plaintiffs' Complaint consists of general legal propositions requiring no response, but to the extent it contains factual allegations, Defendants deny the same.

57. Defendants admit that the jail administrator is the chief policymaker for the Sarpy County Department of Corrections under the supervision of the County Board of Corrections.

58. Defendants deny the allegations in Paragraph 53 of Plaintiffs' Complaint.

59. Defendants deny the allegations in Paragraph 54 of Plaintiffs' Complaint.

60. Defendants deny the allegations in Paragraph 55 of Plaintiffs' Complaint.

61. Paragraph 56 of Plaintiffs' Complaint consists of general legal propositions requiring no response, but to the extent it contains factual allegations, Defendants deny the same.

62. Defendants deny Paragraphs 56.1, 56.2, 56.3, 56.4, 56.5, 56.6, 56.7, 56.8, 56.9, 56.10, 56.11, 56.12, 56.13, 56.14, 56.15, 56.16, 56.17, and 56.18 of Plaintiffs' Complaint.

63. Defendants deny the allegations in Paragraph 57 of Plaintiffs' Complaint.

64. Defendants deny the allegations reincorporated in paragraph 58 of Plaintiffs' Complaint, except to the extent otherwise expressly admitted herein.

65. Paragraph 59 of Plaintiffs' Complaint consists of general legal propositions requiring no response, but to the extent it contains factual allegations, Defendants deny the same.

66. Paragraph 60 of Plaintiffs' Complaint consists of general legal propositions requiring no response, but to the extent it contains factual allegations, Defendants deny the same.

67. Paragraph 61 of Plaintiffs' Complaint consists of general legal propositions requiring no response, but to the extent it contains factual allegations, Defendants deny the same.

68. Defendants deny the allegations reincorporated in paragraph 62 of Plaintiffs' Complaint, except to the extent otherwise expressly admitted herein.

69. Paragraph 63 of Plaintiffs' Complaint consists of general legal propositions requiring no response, but to the extent it contains factual allegations, Defendants deny the same.

70. Paragraph 64 of Plaintiffs' Complaint consists of general legal propositions requiring no response, but to the extent it contains factual allegations, Defendants deny the same.

71. Defendants deny the allegations reincorporated in paragraph 65 of Plaintiffs' Complaint, except to the extent otherwise expressly admitted herein.

72. Defendants deny the allegations in Paragraph 66 of Plaintiffs' Complaint.

73. Paragraph 67 of Plaintiffs' Complaint consists of general legal propositions requiring no response, but to the extent it contains factual allegations, Defendants deny the same.

74. Defendants deny the allegations in Paragraph 68 of Plaintiffs' Complaint.

75. Defendants deny the allegations in Paragraph 69 of Plaintiffs' Complaint.

76. Defendants deny the allegations in Paragraph 70 of Plaintiffs' Complaint.

77. Paragraph 71 of Plaintiffs' Complaint consists of general legal propositions requiring no response, but to the extent it contains factual allegations, Defendants deny the same.

78. Defendants deny the allegations in Paragraph 72 of Plaintiffs' Complaint.

79. Defendants deny the allegations in Paragraphs 73, 73.1, 73.2, 73.3, and 73.4 of Plaintiffs' Complaint.

80. Defendants deny the allegations in Paragraphs 74, 74.1, 74.2, 74.3, 74.4, 74.5, and 74.6 of Plaintiffs' Complaint.

81. Defendants deny the allegations in Paragraph 75 of Plaintiffs' Complaint.

82. Defendants deny the allegations in Paragraph 76 of Plaintiffs' Complaint.

83. Defendants deny the allegations reincorporated in paragraph 77 of Plaintiffs' Complaint, except to the extent otherwise expressly admitted herein.

84. Defendants deny the allegations in Paragraph 78 of Plaintiffs' Complaint.

85. Paragraph 79 of Plaintiffs' Complaint consists of general legal propositions requiring no response, but to the extent it contains factual allegations, Defendants deny the same.

86. Defendants deny the allegations in Paragraph 80 of Plaintiffs' Complaint.

87. Defendants deny the allegations in Paragraph 81 of Plaintiffs' Complaint.

88. Defendants deny the allegations in Paragraph 82 of Plaintiffs' Complaint.

89. Defendants admit that the jail administrator is the chief policymaker for the Sarpy County Department of Corrections under the supervision of the County Board of Corrections.

90. Defendants deny the allegations in Paragraph 84 of Plaintiffs' Complaint.

91. Defendants deny the allegations in Paragraph 85 of Plaintiffs' Complaint.

92. Defendants deny the allegations in Paragraph 86 of Plaintiffs' Complaint.

93. Defendants deny the allegations in Paragraphs 87, 87.1, 87.2, 87.3, and 87.4 of Plaintiffs' Complaint.

94. Defendants deny the allegations in Paragraphs 88, 88.1, 88.2, 88.3, 88.4, 88.5, 88.6, and 88.7 of Plaintiffs' Complaint.

95. Defendants deny the allegations in Paragraph 89 of Plaintiffs' Complaint.

96. Defendants deny the allegations in Paragraph 90 of Plaintiffs' Complaint.

97. Defendants admit that Plaintiffs are entitled to a jury trial under the legal theories pled in Plaintiffs' Complaint.

98. Defendants deny all remaining allegations in Plaintiffs' Complaint except those expressly admitted herein or that constitute admissions against Plaintiffs' interests.

## AFFIRMATIVE DEFENSES

99. Defendants affirmatively allege that they, in their individual capacities, are entitled to qualified immunity from the 42 U.S.C. §1983 claims asserted against them.

100. Defendants affirmatively allege that Plaintiffs have failed to state sufficient facts upon which relief can be granted.

101. Defendants affirmatively allege that Plaintiffs' claims are barred by absolute immunity, and any other governmental immunities available by law.

102. Defendants affirmatively allege that Plaintiffs' allegations of negligence, careless, or reckless actions are insufficient to state a claim for deprivation of Plaintiffs' federally protected rights.

103. Defendants affirmatively allege that no punitive damages should be awarded as Defendants at all relevant times acted in good faith, did not clearly violate any laws or anyone's rights, and did not demonstrate a callous indifference to the constitutional rights of Plaintiffs.

104. Defendants reserve the right to assert additional defenses as may be revealed through discovery or case progression.

105. Defendants affirmatively allege that Plaintiffs' Complaint is frivolously asserted with intent to harass the Defendants named herein, and that Defendants are entitled to attorney's fees and costs pursuant to 42 U.S.C. §1988.

WHEREFORE, having fully answered, Defendants pray that Plaintiffs' Complaint be dismissed with prejudice, at Plaintiffs' costs, and that they be awarded the costs of defense, including attorney's fees.

Dated this 18th day of November, 2025.

                                      SARPY COUNTY, NEBRASKA, JEFF DAVIS, and RYAN MAHR, Defendants,

BY:   *s/Jeffery R. Kirkpatrick*
       Jeffery R. Kirkpatrick, #21280
       Governmental Law, LLC
       8040 Eiger Drive, Suite B
       Lincoln, NE 68516
       (402) 742-9245
       jeff@nrmainc.info
       *Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all registered participants, including counsel for Plaintiffs as follows:

Jason B. Bottlinger
Bottlinger Law, LLC
jbottlinger@bottlingerlaw.com

BY:   *s/Jeffery. R. Kirkpatrick*
       Jeffery R. Kirkpatrick, #21280